WILLIAM P. JENKS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34835.   Promulgated March 25, 1931.

*A. G. Gartner, Esq.*, for the petitioner.
*W. R. Lansford, Esq.*, for the respondent.

912

OPINION.

LANSDON: The petitioner contends that, under the provisions of section 214 (a) (5) of the Revenue Act of 1924, he is entitled to deduct an amount of $23,500, representing the cost of preferred stock in the Depollier Watch Company, Inc., alleged to have become worthless in the taxable year.

We have found from the evidence that the operations of the Delaware Company were disastrous throughout 1924, and the first part of 1925, and that operations were suspended in October, 1925, due to lack of sufficient funds. We have found that at December 31, 1925, the liabilities greatly exceeded the assets, and that the common and preferred stocks of the company were worthless. It remains only for us to determine whether the organization of the New York Company constituted a reorganization of the Delaware Company from which no loss may be recognized under the following provisions of section 203 (b) (2) and (h) (1) of the Revenue Act of 1924:

(b) (2) No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization.

\* \* \* \* \* \* \*

(h) As used in this section and sections 201 and 204—

(1) The term "reorganization" means (A) a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation), or (B) a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its stockholders or both are in control of the corporation to which the assets are transferred, or (C) a recapitalization, or (D) a mere change in identity, form, or place of organization, however effected.

The facts are clear that there was no merger or consolidation of the two companies. The Delaware Company continued in existence and its stock remained outstanding. There was no agreement of any kind by which the New York Company took over the assets or liabilities of the Delaware Company except a portion of the inventory, a lease and the dies and tools which were purchased for cash. The organization of the New York Company was distinct and separate and we think the mere fact that the subscribers to its preferred stock,

by agreement among themselves several months subsequent to the end of the taxable year and as stockholders of a different corporation, were given an opportunity to recoup previous losses in other property does not prevent the recognition of a loss sustained in the taxable year. The respondent erred in disallowing the deduction claimed. Cf. *Simon Jankowsky*, 18 B. T. A. 1039; *Fostoria Milling & Grain Co.*, 11 B. T. A. 1401; and *A. C. Gwynne*, 22 B. T. A. 164.

The petitioner alleges that the respondent erred in determining the gain derived in 1925 from the sale of 2,362 shares of stock of the Skelly Oil Company, upon the basis of average cost per share of all stock acquired, and contends that the cost of these shares should be determined by charging the earliest sales against the earliest purchases, in accordance with article 39 of Regulations 69, which provides:

*Sale of Stock and Rights.*—When shares of stock in a corporation are sold from lots purchased at different dates and at different prices and the identity of the lots can not be determined, the stock sold shall be charged against the earliest purchases of such stock. The excess of the amount realized on the sale over the cost or other basis of the stock will constitute gain. * * *

The respondent defends his determination of gain on the basis of average cost per share, which violates the above article of Regulations 69, on the ground that there are special features involved such as "wash sales," transfers without sale, and the exchange of all holdings for new stock, which make it impracticable to apply the rule contended for.

We do not agree with the respondent. "Wash sales" are specifically covered in section 204 (a) (11) of the Revenue Act of 1926, and are to be treated in the manner therein provided. Such transactions occurring before December 31, 1920, do not come within the provisions of section 204 (a) (11) and are regarded as ordinary and regular purchases and sales. We see no basis for the respondent's position that purchases and sales of the same stock having been made on the same days in December, 1920, average cost will be used as a basis for computing gain from sales in 1925. Article 39 of Regulations 69 provides for no such exception. The disposition in 1923, of two lots of stock of 1,000 shares and 4,000 shares, the former a gift by the petitioner to his daughter and the latter an exchange for stock of the Mount Kemble Corporation, should be considered as having been made at cost. The exchange of all holdings for new stock is merely one step in determining cost of the stock sold in 1925. The new shares take the same cost as the old shares for which they were given in exchange.

A similar question under the Revenue Act of 1921 was before the Circuit Court of Appeals, Second Circuit, in *Skinner* v. *Eaton*,

44 Fed. (2d) 1020. In upholding the rule that sales of stock shall be charged against the earliest purchases of such stock, where the identity of the lots sold can not be determined, the Court held that article 39 of Regulations 45, which is substantially the same as article 39 of Regulations 69, was binding and had the effect of law. Use of an average cost was not permitted. Cf. *Towne* v. *McElligott*, 274 Fed. 960; *John A. Snyder*, 20 B. T. A. 778; *Western Bank & Trust Co.*, 19 B. T. A. 401; and *David Stewart*, 17 B. T. A. 604.

Reviewed by the Board.

*Decision will be entered under Rule 50.*